# CURTIS J. FARBER

Attorney at Law

350 Broadway, 10th Floor
New York, NY  10013
Tel:  (212) 334-4466
Fax: (212) 226-3224
curtisfarber@mindspring.com

August 31, 2008

Hon. Jed S. Rakoff
United States District Court
Southern District of New York
500 Pearl Street
New York, New York  10007

**HAND DELIVERY**

                                            RE:  United States v. Edward Gardner
                                                    07 Cr. 1229 (JSR)

Dear Judge Rakoff:

As counsel for Edward Gardner, I am submitting the instant letter in support of the defendant's motion made pursuant 18 U.S.C. § 3553(a) and U.S.S.G. § 5H1.4 to be sentenced outside the advisory range specified in the United States Sentencing Guidelines for Offense Level 30, Criminal History Category One.  Sentencing is scheduled for September 9, 2008.

Procedural background and history of the case:

Edward Gardner was prosecuted in this District having been indicted on the following charges: 21 U.S.C. §846, 21 U.S.C. §841(a)(1) and (b)(1)(A), and 18 U.S.C. §924(c)(1)(A)(i).  Specifically it is alleged that Mr. Gardner conspired with others to distribute and possess with intent to distribute more than 50 grams of crack cocaine, and that in furtherance of this conspiracy, possessed and/or carried a firearm.  As elicited at trial, following the long term investigation of Najir Williams, who made numerous narcotics sales to an undercover police officer, law enforcement agents obtained and subsequently executed the search warrant at 1039 East 226th Street, Bronx, New York, the location from which Mr. Williams had been observed exiting and re-entering, before and after the majority of said transactions.  In the course of executing said warrant, said agents arrested, Edward Gardner, together with all the other occupants therein.   At the time his discovery sleeping on the floor in the living room, Mr. Gardner was heretofore unknown to law enforcement agents.  He had not engaged in any direct sales, nor had he been observed in any surveillance operations.  Prior to the filing of formal charges, Mr. Gardner was released from custody with the hope that he would assist the prosecution of the other individual arrested.   When Mr. Gardner failed to render assistance, he was re-

1

arrested on an arrest warrant and prosecuted as noted above. A jury trial was held between April 21, 2008 and April 27, 2008. Mr. Gardner was convicted of all charges.

Personal History/Characteristics:

Prior to his arrest here, Edward Gardner had only minor brushes with the law. These include possession of marijuana for "personal use", and disorderly conduct, stemming from an arrest for failing to use a bicycle lane. As the Court heard from both witnesses at trial, and as independently verified by the United States Probation Department, Mr. Gardner had been a productive member of society, working at various jobs including Kentucky Fried Chicken and Wendy's, while at the same time pursuing his dream career in music production and mixing.

Raised in a stable and loving home, Mr. Gardner has a strong sense of family. He is devoted to his parents, close with his siblings, and provides nurturing and financial support to his own children.

Sentencing Analysis:

It is respectfully requested that the Court consider the information above when deciding an appropriate sentence to impose herein. Utilizing the factors required to be considered pursuant to 18 U.S.C. 3553 (a), it is submitted that a sentence no greater than the statutory minimum is necessary or appropriate herein.

    a. **The nature and circumstances of the offense:** This Court sat patiently through a jury trial of the facts herein. Accordingly I will not belabor it with a full discussion of them at this time. Rather, I merely respectfully point out the following facts that I deem relevant to the issue of sentence:

        (i)    Prior to his discovery inside of the subject premises at the time of the execution of the search warrant, Mr. Gardner had not been observed committing any narcotics transactions.
        (ii)   As established at trial, Najir Williams had several sources for both narcotics and weapons, and readily turned to those sources as he desired.
        (iii)  Mr. Williams was fully in charge of his own actions, and did not report to or was otherwise subservient to Mr. Gardner.

    b. **The history and characteristics of the defendant:** Edward Gardner was raised in a loving and stable family environment. He is loyal to his family and friends, and provides emotional and financial support to his children. Further, Mr. Gardner, up to the time of his arrest, had a promising future in the production and mixing of music.

c.  **The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and provide just punishment for the offense:**  There is no doubt that a violation of the narcotics laws of the United States is to be taken seriously.  Without denial, many of the problems facing society today have their roots in narcotics trafficking and/or addiction.  However, it would be a fallacy and grave injustice to believe that this problem can be solved by simply locking up for long periods of time everyone who violates the narcotics laws.  As in all cases, the individual circumstances of the crime and those of the perpetrator must be taken into account in determining the appropriate punishment.

Given Edward Gardner's youth and relatively unblemished history, a sentence no greater than the statutory minimum of fifteen years is necessary to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense.

d.  **The need for the sentence imposed to afford adequate deterrence to criminal conduct:**  A sentence any greater than the statutory minimum of fifteen years in not necessarily to deter Edward Gardner from any future criminal conduct.  He is all too aware how his plans and dreams have been derailed and that his youth taken away.   Mr. Gardner is determined to spend his future years living an honorable life together with his loved ones.

e.  **The need for the sentence imposed to protect the public from further crimes of the defendant:**  The nature of this crime is out of character for Edward Gardner.  There is no reason to suspect that he will ever be engaged in narcotics dealing in the future.  Furthermore, it is unlikely that the public needs to be protected from any further crimes that may be committed by him.

f.  **The need for the sentence imposed to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner:**   Imprisonment is not the environment in which to provide Edward Gardner with educational or vocation training.

g.  **The kinds of sentences available and the sentencing range:**  The sentencing range in this case, taking into account Edward Gardner's criminal history, is 97-121 months imprisonment.  The statutory sentence range is ten years to life imprisonment with respect to his convictions on Counts One and Three of the Indictment, and a consecutive sentence of five years to life with respect to his conviction on Count Four of the Indictment.

h.  **Any pertinent policy statement issued by the Sentencing Commission:**  There are no pertinent policy statements that reject a sentence below the advisory range after due consideration of all relevant factors by the sentencing court.

i. **The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct:** Given the unique factors presented in this case, a statutory minimum sentence would not be unwarranted. Furthermore, it is very likely that Courts presented with a similar defendant would similarly believe that this case warrants such a minimum sentence.

j. **The need to provide restitution to any victims of the offense:** Restitution is inapplicable to this case.

Thank you.

                                          Respectfully submitted,

                                          Curtis Farber

cc:  A.U.S.A. David O'Neil
    Probation Officer Katrina Minus-Shepard